WILLIAM H. HARLOW

*vs.*

FRANK I. BARTLETT AND CITY OF BANGOR, TRUSTEE,

AND J. F. WOODMAN & CO., CLAIMANTS.

Penobscot.    Opinion March 18, 1902.

*Trustee Process.    Wages.    Equitable Assignment.*

</div>

1.  A trustee process, though in form an action at law, is in substance an equitable proceeding to determine the ownership of a fund in dispute, especially when a claimant has appeared as in this case, and become a party to the suit.
2.  As between the plaintiff and claimant equitable considerations must prevail so far as the nature of the process will admit.
3.  Any order, writing or act which makes an appropriation of a fund amounts to an equitable assignment of that fund.

4. Equity disregards mere form; if the right exists, even if it is not formally manifested, it will afford both remedy and relief. In equity no particular form is necessary; any writing, or even an act, which plainly makes an appropriation of the fund or property, will be esteemed an assignment.

An instrument in writing, in which the defendant for value received "agrees to pay" to the claimants the amount due him from the city of Bangor for services as fireman, addressed to the city treasurer and recorded in the city clerk's office, may reasonably be deemed equivalent to a direction to that officer to pay to the claimants the balance due the defendant, and accordingly be held to operate as an equitable assignment to them of that particular fund. When duly recorded it was sufficient to protect the rights of the claimants against a subsequent attaching creditor.

On report. Judgment for claimant in trustee process.

The question was whether the funds disclosed in the hands of the trustee, the city of Bangor, belonged to the claimant under an assignment to him by the defendant, or to the plaintiff under his attachment.

The case appears in the opinion.

*H. H. Patten,* for plaintiff.

The writing under which the claimant seeks to recover the fund in dispute is simply a promissory note, not an assignment.

A recorded promissory note cannot be construed as an assignment of wages.

The paper given by defendant to claimant cannot operate as an assignment by any principle of law. *Luff* v. *Pope,* 5 Hill, 413; *Hall* v. *Flanders,* 83 Maine, 242, 23 Am. St. Rep. 774; *Bullard* v. *Randall,* 1 Gray, 605, 61 Am. Dec. 433.

While there are words in the note which purport to give notice to the city treasurer; yet, so far as the evidence discloses, no such notice was ever given, nor was there any verbal or written acceptance by the city or any authorized person. And the burden is on the claimant. *Jenness* v. *Wharff,* 87 Maine, 309; *Haynes* v. *Thompson,* 80 Maine, 125; *Thompson* v. *Reed,* 77 Maine, 425, 52 Am. Rep. 781.

The fact that the note was payable out of a particular fund, does not convert it into an assignment of that fund. *Whitney* v. *Eliot National Bank,* 137 Mass. 351, 50 Am. Rep. 316.

Equitable assignments seem to be in the nature of orders not accepted, rather than promissory notes. In this case no third person

is requested to pay, the promissor himself says "For value received
I hereby agree to pay," etc.

While the courts have decided that the intention is to govern, yet
the instrument must not be inconsistent with such an interpretation.
*Garnsey* v. *Gardner*, 49 Maine, 167.

*F. J. Martin* and *H. M. Cook*, for claimant.

SITTING: WISWELL, C. J., EMERY, WHITEHOUSE, STROUT,
SAVAGE, POWERS, JJ.

WHITEHOUSE, J. This is a trustee process in which the claim-
ants, J. F. Woodman & Co., assert title to the fund disclosed by
virtue of an instrument of the following tenor:

"Bangor, Oct. 15, 1900.
To Henry O. Pierce,
            City Treasurer:

For value received I agree to pay to J. F. Woodman & Co. what
there may be due me now, and also the balance due me January
1st, 1901, from the city of Bangor for services as fireman.

Frank I. Bartlett."

This instrument was duly recorded in the office of the city clerk
of Bangor, October 16, 1900. The two services of the trustee writ
were made December 14 and December 31, 1900, respectively. A
process of this kind, though in form an action at law, is in substance
an equitable proceeding to determine the ownership of a fund in dis-
pute, especially when a claimant has appeared as in this case and
become a party to the suit. *Jenness* v. *Wharff*, 87 Maine, 307.
"As between the plaintiff and claimant equitable considerations must
prevail so far as the nature of the process will admit." *Haynes* v.
*Thompson*, 80 Maine, 125.

In the case at bar it is not in controversy that at the time of the
alleged assignment to the claimants, the principal defendant was
indebted to them in a sum equal to the amount disclosed by the
trustee. There was, in fact, a valuable consideration for an assign-
ment of the fund.

But the plaintiff contends that the paper of October 15, 1900, of

the tenor above given, by force of which the claimants seek to establish their right to the fund, is simply a promissory note which cannot under any principle of law operate as an assignment to the claimants.

It has been seen that the instrument is addressed to Henry O. Pierce, city treasurer, and that the defendant therein agrees to pay to the claimants the amount due "from the city of Bangor for services as fireman." The terms of the instrument itself conclusively negative the idea that it might have been intended as an ordinary promissory note. The direction of the paper to the city treasurer, the express mention of the particular fund which was to be paid to the claimants, and the omission to make the instrument negotiable in form, disclose an obvious intention on the part of the defendant to effectuate a transfer to the claimants of the entire balance of his salary as fireman for the city of Bangor for 1900, and to appropriate the amount to the payment of his indebtedness to them. That this was the mutual intention of the parties is also evidenced by the fact that the instrument was promptly entered for record in the city clerk's office in accordance with § 6, c. 111, R. S., which requires an assignment of wages to be so recorded.

Under such circumstances it is clearly the duty of the court to allow the intention of the parties to this instrument to prevail, if this may be done consistently with the established principles of law and equity.

"It is an established doctrine that an equitable assignment of a specific fund in the hands of a third person, creates an equitable property in such fund. . . . In order that the doctrine may apply and that there may be an equitable assignment creating an equitable property there must be a specific fund, sum of money or debt actually existing or to become so in futuro, upon which the assignment may operate, and the agreement, direction for payment or order must be in effect an assignment of that fund, or of some definite portion of it." 3 Pom. Eq. Jur. § 1280; *National Exchange Bank of Boston* v. *McLoon,* 73 Maine, 498, 40 Am. Rep. 388. In *White* v. *Kilgore,* 77 Maine, 571, the opinion quotes with approval the language of Story's Eq. Jur. § 1047, that "any order, writing or act which makes an appropriation of a fund amounts to an equitable assignment of

that fund." In *Garnsey* v. *Gardner*, 49 Maine, 167, the court held that the assignment of a debt might be made by parol, and might be inferred from the conduct and acts of the parties. See also *Sprague* v. *Frankfort*, 60 Maine, 253, and *Simpson* v. *Bibber*, 59 Maine, 196. So in *Bower* v. *Hadden Blue Store Co.*, 30 N. J. 171, an instrument saying "I hereby agree to assign," etc., was held to operate as an equitable assignment. In the opinion the court said: "Equity disregards mere form; if the right exists, even if it is not formally manifested, it will afford both remedy and relief. In equity no particular form is necessary; any writing, or even an act, which plainly makes an appropriation of the fund or property, will be esteemed an assignment." See also *Walcott* v. *Richman*, 94 Maine, 364.

The instrument in the case at bar, in which the defendant "agrees to pay" to the claimants the amount due him from the city of Bangor for services as fireman, addressed to the city treasurer and recorded in the city clerk's office, may reasonably be deemed equivalent to a direction to that officer to pay to the claimants the balance due the defendant, and accordingly be held to operate as an equitable assignment to them of that particular fund. When duly recorded it was sufficient to protect the rights of the claimants against a subsequent attaching creditor.

*Title of claimants sustained. Trustee discharged.*